## WISNER *vs.* BULKLEY.

*Assumpsit* for *money had and received,* lies, to recover back money paid on an execution issued on a *satisfied judgment.*

ERROR from the Onondaga common pleas. Wisner sued Bulkley in a justice's court, and declared for *money had and received.* The defendant pleaded the general issue. The cause was tried by a jury, who found a verdict for the plaintiff for $39,83, on which the justice rendered judgment. The plaintiff appealed to the Onondaga common pleas, where he was *nonsuited* on the opening of his counsel, who stated in substance that he would prove that the plaintiff and two other persons were *trustees,* and that the defendant was *collector* of a school district; that a warrant had been renewed for the collection of part of a tax which had been voted by the inhabitants of the district and put into the hands of the defendant, with directions to apply the monies, when collected, to the payment of a judgment which had been confessed by the trustees in favor of one *Hallock,* for services done for the district. That the defendant did collect the money and applied the same to the payment of the judgment, but instead of having it discharged, procured an *assignment* of it to himself from the person holding it, and then caused an execution to be levied upon the property of the defendant, who, to save the same from being sold, paid the amount of the judgment to the *constable* in whose hands was the execution, and who subsequently paid over the money to the defendant. The plaintiff sued out a writ of error.

*J. R. Lawrence,* for the plaintiff in error, insisted that the action for money had and received lay to recover back the money which the plaintiff had been compelled to pay, to save his property from being sold under execution. He cited 1 *Taunt.* 359, where it was held that such action lies to recover back money paid on a threatened distress, which was unauthorized. So in 5 *Cowen,* 488, a plaintiff was allowed to re-

cover back one hundred dollars which had been collected from him under an execution, beyond the amount actually due. He also cited the following cases in support of the proposition that the action for money had and received will be sustained, whenever a court of equity would compel a party to refund money unjustly and unconscientiously obtained by him : 6 *Wendell*, 290.  8 *id*. 561.  *Dougl*. 138, 407.  2 *Burr*. 1005.  6 *Cowen*, 297.

*B. Davis Noxon*, for the defendant in error, insisted that the action for money had and received did not lie to recover back the money paid by the plaintiff to the constable.  The judgment against the trustees had not been paid by the plaintiff, and the money was collected from him on a regular judgment and execution.  The remedy of the plaintiff was an action for the breach of the promise of the defendant ; and in support of these positions he cited *Cobb* v. *Curtiss*, 8 *Johns. R.* 470.

*By the court*, BRONSON, J.   The court below erred in nonsuiting the plaintiff.   The judgment was satisfied by the payment made by the defendant.   The assignment which he took was, under the circumstances of this case, a fraud upon the trustees, and the judgment was not an available security in his hands.   It is said that the debt was not paid with the money of the trustees, who were the defendants in the judgment ; but there is no weight in the objection.   Independent of the arrangement between the parties, it was the duty of the defendant to collect the tax and pay over the money to the trustees ; and they would then have paid *Hallock* for the work he had done for the district ; or, what was the same thing, would have paid the judgment.   But under the agreement, the defendant paid the money directly to the creditor ; and there can be no doubt that this worked as complete a satisfaction of the judgment as though the money had in the first instance been delivered to the trustees, and they had then, with their own hands, paid it over to the creditor.   It was, in effect, the money of the trustees which paid the judgment.

It is said that the money was collected on a regular judgment and execution, and that an action for money had and

received will ñot lie to recover it back—that an action should have been brought on the defendant's agreement to collect the tax and pay over the money ; or that a special action on the case was the appropriate remedy. It may be conceded that the case of *Moses* v. *Macferlan*, 2 *Burr.* 1005, which has been so often questioned, cannot be maintained. *Cobb* v. *Curtiss*, 8 *Johns. R.* 470. *Walker* v. *Ames*, 2 *Cowen*, 428. But there was no attempt in this case to overhaul the judgment, or impeach the consideration on which it was obtained. The plaintiff did not deny that there had been a valid judgment, which he and the other trustees were bound to pay. His complaint is, that he has wrongfully been compelled to pay money under a satisfied judgment. The defendant, having taken the assignment with full knowledge of the facts, can have no greater rights than the orignal judgment creditor ; and whatever may be the rule in relation to third persons without notice, the defendant could acquire no right by proceeding under this satisfied judgment. So far as he is concerned there was no judgment, and he might have been sued as a trespassser. *Sherman* v. *Boyce*, 15 *Johns, R.* 443. *Jackson* v. *Cadwell*, 1 *Cowen*, 622.

This was not a voluntary but a compulsory payment, under color of legal process. 1 *Taunt.* 359. 1 *Maule* & *Selw.* 609. Where one receives money as a wrong-doer, it may, in general, be recovered from him in the equitable action for money had and received. If he convert the goods of another and turn them into money, the owner may waive the tort and recover in this action. The defendant in such a case cannot complain that the plaintiff waives that form of action in which he might recover more than the value of the goods, and adopts a form in which he can only recover the money which the defendant has received, with interest. *More* v. *Trumpbour*, 5 *Cowen*, 588. 2 *Ld. Raym.* 1216. 3 *Wils.*  304. 1 *Barn.* & *Cres.* 418.

The plaintiff paid the debt to save his goods from sale on the execution. The money has passed into the hands of the defendant ; and although there is no express promise, the law will in such case imply a promise to refund the amount. *Ex æquo et bono*, this money belongs to the plaintiff ; and he was

NEW-YORK, not obliged to state the special circumstances of his case in
May, 1836. the declaration, but might recover for money had and re-
Smith      ceived to his use.
v.
Snyder.                    Judgment reversed, and *venire de novo.*