## Bank of Louisiana *v.* Ballard *et al.*

Where money has, by mistake, in matter of fact, been paid to a wrong person, it may be recovered back in an action for money had and received.

In action of assumpsit for money had and received, it cannot be objected, after judgment, that no account was filed with the declaration.

ERROR from the circuit court of the county of Claiborne.

This was an action of assumpsit for money paid and for money had and received, brought by the plaintiffs in error against the defendants, under the following circumstances:

The defendants had drawn a bill of exchange on Bogart & Hoopes, of New Orleans, for twenty-two hundred and fifteen dollars and forty-six cents, due 13th April, 1836, which, by indorsement, became the property of the Branch of the Planters' Bank at Port Gibson. Thomas B. Adams had likewise drawn a bill on Bogart & Hoopes for twenty-two hundred and fifty-four dollars and forty-six cents, which fell due on the same day, which also became the property of the same bank. This bank sent both of these bills to the Bank of Louisiana for collection, and on the day of their maturity the sum of eleven hundred and fifty dollars and forty-nine cents was paid by Bogart & Hoopes upon the bill of Adams; but the credit for the amount was, by the Bank of Louisiana, through mistake, placed upon the bill of the defendants. The Planters' Bank was advised by the Bank of Louisiana that this amount had been paid on their bill by the defendants. They shortly afterwards settled the bill, accepted the credit of eleven hundred and fifty dollars forty-nine cents, paid the balance and took up the bill. The mistake was not discovered until after this payment, and until after the Bank of Louisiana had paid the amount to the Planters' Bank. The latter bank then refused to correct the mistake, because it had been misled by the former, and

had allowed the credit to the defendants. This suit was then brought to recover the amount so paid by mistake. A verdict was had in favor of the plaintiffs, and a judgment rendered there-. on, which was afterwards set aside, and a new trial granted. At a subsequent term, by agreement, a verdict for a blank amount was entered for the plaintiff, subject to the opinion of the court as to the plaintiffs' right to recover. The court decided that the plaintiffs could not sustain the action; which is now assigned for error.

MAURY for plaintiffs in error.

Though defendants have received the benefit of the payment made by the plaintiffs toward the extinguishment of their debt, the defendants say it was made without their consent, and the law cannot, therefore, imply a promise against them. The argument is false, because it is not founded in fact. In their settlement with the Planters' Bank, the defendants took up their bill, knowing that a large portion of it had been paid, not by themselves, but by the plaintiffs. In accepting an acquittance of the whole debt, they adopted the payment made for them by the plaintiffs; and if their adoption of the payment and its benefits be not a conclusive evidence of at least a subsequent assent, it is difficult to conceive of any fact by which an assent could be established. If a prior assent is requisite, it may be found in the conclusion of the transaction between the banks, when the amount was paid to the Planters' Bank by the plaintiffs, in consequence of its having been previously taken and carried away by the defendants. Their assent to the payment is evidenced by their acceptance of the money, since the plaintiffs could not have been subjected to the necessity of paying it to the Planters' Bank, if the defendants had honestly left it there.

A surety who pays the debt may recover his indemnity of the principal, though he did not pay by the desire of the principal. 1 Selwyn N. P. 86.

"Where money, to which there was no ground of claim in conscience, has been paid under a *mistake*, the party may recover it in an action for money had and received." 1 Selwyn N. P. 92; 6 Yerg. 483; 1 Term R. 286.

Bank of Louisiana *v.* Ballard *et al.*

Where the owner of a negro, for the accommodation of the doctor, paid a medical bill for services rendered the negro during the hire, he recovered the amount of the person to whom the negro was hired, he being, by the laws of Tennessee, responsible to the physician.    7 Yerger, 474.

The law has a regard for the consciences of men, and constrains them to the payment of money which, *ex equo et bono,* they cannot conscientiously detain.

McLEAN *contra*, contended that the plaintiffs in error have no cause of action whatever.  If they can from any source recover the amount, which by their own negligence was placed as a credit on the bill drawn by appellees, it must be from the bank from whom they obtained it, and not from defendants, between whom and themselves there is no privity of contract whatever.   They can not pass over an intermediate party and sue a remote one who had no agency in placing the bill in their hands for collection.   See 9 Johns. Rep. page 172–173.

There are other reasons we think why the decision of the court below should not be reversed, one only of which will be noticed.

This is an action of assumpsit containing two counts, one for money loaned, and the other for money had and received, and the second shows that no account was filed with the declaration as is required by the statute of this state.

CLAYTON J. stated the case and delivered the opinion of the court.

When money has by mistake in matter of fact been paid to a wrong person, or when one man has by fraud obtained the money of another, it may in either case be recovered back.   The party receiving the benefit of another's money under these circumstances, ought in right and justice to return it, and that is the foundation of the action for money had and received.   Manufacturer's and Mechanic's Bank *v.* Gore, 15 Mass. Rep. 72; Bogart *v.* Nevins, 6 Serg. & Rawle, 369; 9 Cowen, 685; 15 Wendell, 321.   The defendants in this case availed themselves of a payment made upon their bill by the plaintiff; they adopted the credit which had been

32*

Bank of Louisiana v. Ballard et al.

placed upon it, knowing that they had not made the payment; no stronger case could be put to create an obligation of repayment, and the plaintiff is clearly entitled to recover.

It is objected by the counsel for the appellees, that no account was filed with the declaration, and that the decision should for that reason be affirmed. It does not appear that this objection was made on the trial of the cause in the court below; it is too late to take it in this court, if not then insisted upon.

The judgment of the circuit court in setting aside its judgment and granting a new trial, and in deciding upon the agreed case that the plaintiff could not recover, must be reversed, and the original judgment of the court upon the verdict affirmed.