Hodge v. Gallup.

## HODGE vs. GALLUP.

To entitle the holder of a mortgage to acquire the right of a purchaser of land sold on execution, pursuant to the act of 1836, (p. 793, § 1,) the mortgage must be one executed by the defendant in the execution.(a)

Where a defendant, after the docketing of a judgment, sold land to another, who executed a mortgage for the purchase money, and the land was afterwards sold under a fi. fa. on that judgment, and an assignee of the mortgage, after a year and within fifteen months from the sale, attempted to acquire the right of the purchaser on that sale; held that he was not entitled to do so, and that the redemption was void.

ON error from the supreme court. Gallup brought ejectment in the court below, for a lot of land in the county of Erie, and the cause was tried at the circuit court held for that county in November, 1844. The plaintiff gave in evidence the record of a judgment in the supreme court, in favor of the Bank of Geneva against the defendant William Hodge, and one Philander Hodge, for $2099,74, docketed in the clerk's office of the county of Erie on the 29th of July, 1841, and a fi. fa. issued thereon on the 27th day of August following, and proved a regular sale of the premises in question by the sheriff of that county on the 1st day of September, 1842, the plaintiff being the purchaser for the sum of $2255,86. A certificate of sale was given, and on the 16th day of March, 1844, the sheriff conveyed the premises to

(a) In consequence of this decision, an act was passed allowing redemptions within fifteen months from the sale by virtue of judgments, decrees and mortgages which are liens, without requiring them to be against the defendant in the execution on which the land was sold (Stat. 1847, p. 508, §§ 1, 2.)

the plaintiff. The plaintiff then proved the defendant in possession, and that he had refused to yield up the possession to the plaintiff upon a demand made before the suit was commenced.

The defendant offered to prove that on the 8th day of January, 1842, he sold and conveyed the premises to W. F. Miller for $12,400—payable in two annual instalments, with annual interest; to secure the payment of which, Miller at the same time executed to him a mortgage upon the premises, unaccompanied with any bond or personal obligation; and that on the 10th day of September thereafter, the defendant assigned the mortgage to William Hodge, junior; and also, that on the 30th day of November in the same year, W. Hodge, junior, for the purpose of redeeming the premises, delivered to the officer who made the sale, the papers required by the statute to be presented and delivered upon a redemption by virtue of a mortgage, and paid him the amount bid by the purchaser at the sheriff's sale, with interest thereon, at the rate of seven per cent, from the time of the sale. The plaintiff objected to this evidence on the grounds that a redemption by the holder of a mortgage could only be made where the mortgage was given by the defendant in the execution upon which the land was sold; and that, if the holder of this mortgage could redeem, such redemption should have been made within one year from the time of the sale; and that interest at ten per cent instead of seven should have been paid; and also that if a legal redemption had been made, the defendant could not avail himself of it, because it had not been consummated by the execution of a deed by the sheriff. The judge sustained the objections and excluded the evidence, to which the defendant's counsel excepted. A verdict was given for the plaintiff, upon which judgment was rendered.

No written opinion appeared to have been given upon the motion in the supreme court for a new trial, but there was attached to the case an opinion, delivered in that court upon a motion made on behalf of the plaintiff, to compel the sheriff of Erie county to execute a conveyance to him, to the following effect:

NELSON, C. J.　By the act of 1836, (*p.* 793, § 1,) "A creditor by mortgage on real estate, his assignee or representative, where the mortgage premises or any part thereof have been sold on execution, shall have the same right to acquire the interest of the purchaser of such real estate so mortgaged and sold as is given to a judgment creditor by" 2 *R. S.* 371, § 51.　The section referred to provides that any creditor of the person *against whom such execution issued*, having in his own name, or as assignee, &c. a judgment rendered at any time before the expiration of the fifteen months, and which is a lien on the premises sold, may acquire the title of the purchaser under such execution in the manner thereinafter described.　In *Ex parte Wood*, (4 *Hill*, 542,) we held that a redemption could not be made under this provision unless the judgment of the party seeking to redeem, was against the defendant in the execution under which the sale had taken place, as well as a lien upon the premises sold, and such we suppose to be the obvious construction of the section.　The act of 1836 was intended to place creditors by mortgage on the same footing in respect to redemptions as judgment creditors.　This is the true construction of the language used, and such was manifestly the understanding of the legislature.　A judgment creditor of Miller could not acquire the title of the purchaser under the provision of the revised statutes; and, unless we hold that mortgage creditors are in a more favorable situation than those by judgment, Hodge was not entitled to acquire it.　Gallup is therefore entitled to a conveyance.

*M. Fillmore*, for the plaintiff in error.　The object of the statutes respecting redemptions of real estate sold on execution is highly remedial, and their operation is most beneficial both to debtor and creditor.　They should, therefore, receive a liberal construction.　The courts have always taken this view of them. (*Van Rensselaer* v. *The Sheriff of Albany*, 1 *Cowen*, 501, 510.) The language of the statutes providing for redemptions by a judgment creditor and by one holding a mortgage, is very different; for while by the former the right is limited to a creditor of the defendant in the execution on which the sale took place, no

Hodge *v.* Gallup.

such restriction is found in the latter, but the language in that provision is perfectly satisfied if the redeeming party is a *creditor of the land.* In the provision for redemption by judgment creditors, the language is, "Any creditor of the *person* against whom such execution issued"—but in the statute under consideration, it is, "A creditor by mortgage *on real estate."* It is not declared that he must be a creditor of any person. He must be a creditor (*i. e.* a party to whom money is due,) and he must have a mortgage which is a lien upon the real estate. When he has these qualities he is entitled to acquire the purchaser's interest. If he must be a creditor of the person of the original judgment debtor, no redemption could have been made by virtue of this mortgage even if it had been given by Hodge, the defendant in the execution; for it was not accompanied by any personal liability.

If W. Hodge, jun. was entitled to redeem as assignee of the mortgage, a perfect redemption has been made. This deprived the sheriff of all authority to convey the premises to the plaintiff, and the deed which he gave is void. (*Dickenson* v. *Gilleland,* 1 *Cowen,* 481, 498; *Jackson* v. *Morse,* 18 *John.* 441; *Swan* v. *Saddlemire,* 8 *Wend.* 676, 681.)

*A. Mann & N. Hill, Jr.,* for the defendant in error.

1. If any redemption could be made by W. Hodge, jun. as the assignee of this mortgage, it could only be done within a year from the time of the sale. The assignee took only the rights of his assignor, who was the defendant in the execution, and whose right to redeem is expressly limited to one year. (2 *R. S.* 370, § 45.) 2. Miller was the grantee of the defendant in the execution, and a grantee must also redeem within a year. (*Id.* § 46, *sub.* 1, 3.) The party attempting to redeem, in this case, had only a derivative title under Miller, and could not have any other right to redeem than Miller would have had if he had not given the mortgage. 3. W. Hodge, jun. was not "a creditor by mortgage," within the meaning of those terms in the act of 1836. By the obvious construction of the act, the creditor by mortgage, in order to redeem, must be the creditor of the original

Hodge *v.* Gallup.

judgment debtor. It was intended to confer on the holders of mortgages the same faculty of redeeming which the holders of judgments had—to put mortgages and judgments on precisely the same footing in this respect. Now if it is held that W. Hodge, jun. could redeem, a mortgage is a much more advantageous security with which to effect redemptions than a judgment ever was. This was not intended. It is preposterous to say that W. Hodge, jun. was a creditor of his assignor—because, if so, W. Hodge the elder must have been, before the assignment both debtor and creditor. This he could not be.

THE CHANCELLOR. The question for consideration in this case is, whether W. Hodge the younger, who took an assignment of the mortgage from one of the defendants in the execution after the twelve months allowed to such defendant to redeem the premises, upon paying the amount of the bid and ten per cent interest thereon, could himself redeem as such assignee within fifteen months, upon the payment of such bid and seven per cent interest thereon only.

By the bill of exceptions, it will be seen that the judgment upon which the premises were sold, was against W. Hodge and P. Hodge, and was duly docketed previous to the 30th of August, 1841; at which time the execution was issued and delivered to the sheriff to be executed. Whether W. Hodge was then the sole owner of the premises, or whether he and the other defendant in the execution owned them together as tenants in common, does not appear, except by inference. But as W. Hodge was then in possession, and offered to show that he afterwards conveyed the premises to Miller and took back the mortgage thereon for the whole purchase money, previous to the sale, I presume he was the sole owner of that portion of the premises which Gallup recovered in this suit, at the time the execution was delivered to the sheriff to be executed. The premises were sold upon the execution on the first of September, 1842; at which time W. Hodge, one of the defendants in such execution, was the holder and owner of this bond and mortgage, which he had shortly before taken from Miller. And that

mortgage was not assigned by him until the 8th of September in the next year. The question then arises, whether W. Hodge, the judgment debtor, could have redeemed the premises by virtue of that mortgage after the expiration of the twelve months, upon paying the amount of Gallup's bid and interest thereon at the rate of seven per cent only. For if W. Hodge, the defendant against whom the execution was issued, and whose right and title to the premises were sold in pursuance thereof, could not have redeemed by virtue of this mortgage at the time of the assignment thereof to his son, it is evident the latter had no right to redeem by virtue of such assignment. The question whether the sale to Miller, long after the execution was in the sheriff's hands, and the taking back to the judgment debtor a mortgage for a very large amount upon the security of the land only, and which mortgage was not recorded until long after the time allowed to the defendant in the execution to redeem had expired, was not a mere fraudulent device to prevent other creditors who might obtain judgments against him within the fifteen months, from redeeming, and to enable him or his assignee to redeem upon more favorable terms than the law would otherwise have allowed, is a question which is not presented by this record. For, as the testimony offered by the judgment debtor to protect his possession by showing that the assignee of the mortgage had redeemed within the fifteen months, was rejected by the circuit judge, the defendant had no opportunity to show that the sale to Miller was *bona fide,* and to rebut the strong circumstances of suspicion arising from the nature of the transaction. Those circumstances, therefore, can only be referred to by the court in the construction of the statutes relative to the redemption of premises sold under execution. And if possible we should reject a construction which might enable the defendant in the execution to defeat the obvious intention of the legislature that he should pay ten per cent upon the amount of the bid, and should exercise his right within twelve months, where he wished to redeem.

The provisions of the act of 1836, allowing creditors by mortgage to redeem in certain cases, are rather obscure; but were

evidently intended to give a mortgage creditor the same right to redeem from a sheriff's sale that a judgment creditor had, by the provisions of the revised statutes, and no other : In other words, that a creditor who had a lien on the premises by virtue of a mortgage, should have the same right to redeem that he would have had under the same circumstances, if his lien had been by virtue of a judgment. (*See* 2 *R. S.* 374, § 74, 3*d ed.*) The question is then presented in this form. If this judgment debtor, after the execution against him had been delivered to the sheriff to be executed, had conveyed all his interest in the premises to Miller, and taken from him a judgment for the amount of the purchase money, and docketed it in the county where the premises were situated, would he, after the expiration of the twelve months allowed to him as the defendant in the execution to redeem, have been entitled to redeem as a judgment creditor under the provisions of the revised statutes ? To entitle a creditor by judgment or decree to redeem, he must be a creditor of the person against whom the execution issued ; and his judgment or decree must be one which is a lien upon the premises sold at the time he exercises his right to redeem. But upon a liberal construction of the statute, I am inclined to think that where the judgment on which an execution against real estate issues, has been docketed so as to overreach the title acquired by a purchaser from the judgment debtor subsequent to such docketing, the person who at the time of issuing such execution is the owner of the real estate subsequently sold thereon, as well as the defendant in the execution, may properly be considered as a person against whom such execution issues so far as respects this right of redemption. And the judgment creditor of such an owner of the premises will have the right to redeem his interest in the same which has been sold on the execution, after the expiration of the year, if such owner or his representative or grantee does not redeem the same within that time. Upon the most liberal construction of the statute, however, the execution cannot, with any propriety, be said to issue against a person who was not a party to the judgment or decree, and who had no interest whatever in the

real estate bound by the lien thereof at the time such execution was delivered to the sheriff to be executed. A judgment creditor of a person who has purchased from the debtor in the former judgment subsequent to the issuing of the execution, is not such a judgment creditor as is described in the fifty-first section of the article of the revised statutes relative to executions against property, (2 R. S. 371,) and is not therefore entitled to redeem as such. And for the same reason the creditor of such a person, by the mortgage of the interest which he had acquired in the land subsequent to the issuing of the execution upon a judgment to which he was neither a party nor privy, is not entitled to redeem from the sheriff's sale upon such execution.

For these reasons, although I do not fully concur in the opinion of the late chief justice upon the construction of the statute, I think the purchaser at this sheriff's sale acquired a good title to the premises by the deed from the sheriff; and that the facts offered in evidence by the defendant, in the court below, did not authorize him, or the assignee of his mortgage, to redeem after the expiration of twelve months from the time of the sale. That evidence was therefore properly rejected, as forming no defence to the suit; and the judgment of the court below should be affirmed.

BARLOW, Senator. Under the revised statutes the defendant in an execution whose land has been sold, or his heirs, devisees or grantees, may redeem within one year from the time of the sale. (2 R. S. 370, §§ 45, 46.)

By the act of 1836, mortgage creditors were placed on the same grounds with judgment creditors; and judgment creditors might have redeemed at any time within three months after the expiration of the year. (Id. 371, §§ 50, 51.)

It is said that this act places the mortgage debtor upon broader or different ground from the judgment debtor, and this because the judgment debtor is personally liable for the debt. But I can see no force in this position, and for the simple reason, that the right of redemption is not based upon the personal liability of the debtor; but upon the lien that attaches to the

land.  The creditor may agree not to resort to, but may release the personal liability of his judgment debtor, and not affect his right to redeem. .  Hence a distinction between the judgment creditor and mortgagee does not exist so far as concerns the right of redemption.

To entitle Hodge, jun., to the right to redeem after the year, he must be a creditor by judgment, decree or mortgage, or by assignment of a judgment, decree or mortgage of the defendant whose rights were sold.  The mortgagor Miller was the *grantee* of the defendant, and in no sense his *creditor*, but was his *debtor ;* and he, Miller, had a right to redeem within the year.  The defendant Hodge could not redeem as *creditor* to *himself,* for such a relation could not exist: moreover, the statute gives him but one year in which to redeem.  He could not make the proof of the amount due *to himself from himself* so as to present the necessary papers to the proper persons to redeem.

He, then, as mortgagee of Miller, had no right to redeem as creditor of himself, and his assignee could take no more rights than he himself as assignor held.

I think Hodge, jun. would have had an equitable right of redemption, if not a legal one, within the year ; not as creditor by assignment from the defendant, but by grant of an equity carried by the mortgage executed by the defendant's grantee.  But it is unnecessary to examine this question ; for if the right existed, equitably or legally, it must have been resorted to within the year.

I am of the opinion there was no existing right of redemption in Hodge, jun. after the expiration of the year, when the offer to redeem was made, and that the judgment should be affirmed.

HARD, Senator.  It does not appear, by the bill of exceptions, how the plaintiff came into possession of the premises. We must assume, therefore, that he is in as lessee under William Hodge, jun.  Nor is it material, the controversy being really between William Hodge, jun. and the plaintiff.  The main question presented is, whether William Hodge, jun. was a mortgage creditor within the meaning of the law of 1836, (*p.* 793,

§ 1 ) so as to entitle him to redeem the premises after twelve, and within the fifteen months.

The supreme court appears to have overlooked the difference between the language of the revised statutes and of this act. The latter act does not require that the redeeming creditor should near the same relation to the original judgment debtor which is made a condition to the right to redeem by the revised statutes. The fifty-first section, to which the law of 1836 is confessedly an amendment, makes it necessary that the judgment of the re-deeming creditor should be against the *person* of the judgment debtor whose premises had been sold. (2 *R. S.* 371, § 51.) That section provides that "any creditor of the *person* against whom such execution issued," &c. may redeem within the fifteen months. The language in the other statute is, "a creditor by *mortgage* on *real estate,* his assignee," &c. It is true, both statutes look toward the *realty* of the debtor, and both were enacted for the benefit of the debtor and junior incumbrancers; and not being in derogation of the common law should be con-strued most beneficially to their interests. (*The People* v. *Ransom,* 2 *Hill,* 51; *Van Rensselaer* v. *The Sheriff of Albany,* 1 *Cowen,* 501, 510.) At common law, judgments were not liens upon the real estate of the debtor, but they are made so by statute. Mortgages were always liens: they are conditional conveyances of the realty. Technically, a mortgagee as such cannot be said to be a creditor of the mortgagor, he not necessa-rily having any claim against him or his personal estate, while a judgment is a claim both against the person and personal property of the debtor. But the law never denominates the holder of a judgment a *creditor of the land* of the debtor, but a *creditor of the person.* The substantially different relations occupied by the judgment creditor under the revised statutes, and the mortgage creditor under the law of 1836, precludes the inference which the supreme court draws, that the statute in-tended to place both on the same footing in every respect. In *some* respects it does. Both must take the same steps to entitle them to redeem, and must furnish the same evidence and pay the same rate of interest on the amount bid; and both have the

Hodge v. Gallup.

same length of time, within which to make the redemption. The same title is acquired by each when a perfect redemption is made. In other respects they are not necessarily placed on the same footing. The real object and intention of the legislature was to give to a mortgage creditor of the premises the same right to redeem as judgment creditors had, without any reference to the person of the mortgagor, and whether the mortgage was executed by the principal debtor or by any other person having the legal right to make such mortgage. By this construction, the rights of the purchasing creditor are in no way compromitted. He gets his money within the longest period allowed to other junior creditors to redeem, while it saves the rights of the mortgage creditor, and in this case it prevents a great sacrifice of the debtor's estate. The ends of justice, the rights of all parties, and the manifest intention of the legislature, will be best conserved by giving such construction to the statute in question, as is contended for by the defendant. I am of the opinion, therefore, that the judgment should be reversed.

JOHNSON, Senator. This case brings before the court the legal construction to be given to the act of 1836, in relation to the redemption by mortgagees of real estate sold on execution. (*Laws of* 1836, *p.* 793, §§ 1, 2.) The whole question turns upon the meaning of the words " *creditors by mortgage on real estate,*" as used in the first section of that act. If the party seeking to redeem must be a creditor of the defendant in the execution, the defendant in this case could not make a valid redemption, as he did not sustain that relation. In the opinion of Chief Justice Nelson, upon the motion made to compel the sheriff to execute a deed, it is assumed that the creditor by mortgage, to whom the right of redemption is extended by the act of 1836, must have the same relation to the judgment debtor which a redeeming judgment creditor was required to have in respect to the same party by the revised statutes. It was competent for the legislature to confer the right of redemption upon any creditor by mortgage, when the mortgage was a lien upon the premises, without requiring him to be a creditor of the de-

fendant in the execution: and it does not appear to me that the language of the statute is explicit upon the point. It certainly does not declare in terms whose creditor the mortgagee must be. The relation contended for may have been intended, although I see no motive for it: and, if it were, we are bound to carry the legislative will into effect. Before the passage of the act of 1836, injustice was sometimes suffered by allowing a junior judgment creditor to redeem, and denying the same right to a mortgagee. To remedy this evil was undoubtedly one cause of the enactment of the statute of 1836: But was it the only one? The provision of the revised statutes is explicit that none except judgment creditors can redeem after the twelve months allowed to the defendant, his representatives and alienees. Under this express language the courts have rightly declared that the judgment or decree held by the party seeking to redeem must be against the defendant in the execution, and a lien on the premises sold. In *Van Rensselaer* v. *The Sheriff of Albany*, (1 *Cowen*, 501, 511,) the court in speaking of the subject of redemption, says: " No good reason can be seen for a discrimination between mortgagees and judgment creditors, *as both have a lien on the estate*." It is evident that the court did not regard the question as to who the debtor was as of any importance, if the mortgage was a *lien* upon the land. The lien was the material matter, which should entitle the party to whom it belonged to the right of redemption. The qualification now insisted on was not alluded to. The courts, therefore, prior to 1836, felt the impropriety of leaving mortgagees having a lien on the premises without the power to redeem. There is a fair presumption that the legislature entertained the same view, and looked to the existence of a subsequent *lien* by mortgage as the fact which should confer a right to redeem. The language used is certainly not inconsistent with that idea. The words of the statute will be satisfied, and, it is believed, its meaning fully carried out, if the land is considered the correlative of the word creditor—as though the section read " any creditor by mortgage of the land," &c. This construction moreover does no injustice to the purchaser. He will obtain the money, paid by him on making the purchase, with interest:

Hodge *v.* Gallup.

and at the same time a ruinous sacrifice will be prevented, and other debts will be paid.

Should it be admitted, as contended for by the plaintiff, that the defendant has acquired no title even if he had an undoubted right to redeem, no deed having been executed to him pursuant to his redemption—still the plaintiff can only prevail by force of his own title: and if a valid redemption was made, the sheriff had no authority whatever to convey to him, and the deed which he obtained was merely void. The statute provides that upon payment being made by any person entitled to redeem real estate, " the sale of the premises so redeemed, and the certificates of such sale shall be null and void." (2 *R. S.* 371, § 49.) This section, it is true, refers particularly to redemptions by the defendant or his heirs or alienees. It is but reasonable, however, to suppose that the legislature intended the same effect should follow on redemption being made by any person authorized to redeem. Indeed were the statute entirely silent on this point, it is difficult to perceive upon principle why this effect should not necessarily follow in all cases of redemption legally made. I think the judgment, for these reasons, should be reversed.

PORTER, Senator. The statute under consideration, is eminently remedial in its nature and operation, and its construction becomes a matter of much interest. Courts should give it every beneficial operation, of which it is fairly susceptible, that the benign object of the lawmakers may be in no danger of being defeated. It was certainly competent for the legislature to say, that any judgment creditor, having a lien upon the premises sold, might redeem the same; without confining it to the creditors of the person against whom execution issued; but either because it was not deemed wise to extend this remedy to such cases, or because the question has never been presented to their notice, it has not been done. The act of 1836, in respect to mortgages, was evidently passed for the purpose of extending the policy of the former act, and applying the remedy to cases of mortgage debts, which the former act had limited to decrees in chancery and judgments at law. And as this court is now called upon for

the first time, I believe, to give it a construction, it cannot be amiss to look at the evils which these laws proposed to remedy, and the remedies which they applied. The act which first au-horized the redemption of lands sold on execution, passed in 1820, and it became the subject of judicial review in 1823, in the case of *Van Rensselaer* v. *Sheriff of Albany*, (1 *Cowen*, 501.) Chief Justice Savage, in his opinion in that case, gives this just exposition of that act. " The object of the legislature undoubt-edly was, 1. To relieve the debtor, by preventing a sacrifice of his real estate at sheriff's sale ; and 2. To enable creditors other than the plaintiff, after a sale on execution, to satisfy their debts by redeeming, when the property had been sold below its value. The statute is evidently remedial ; and in its exposition it is our duty to bear in mind the evil intended to be prevented, and the remedy proposed, and so to construe the act as to suppress the evil and advance the remedy." There is great force and truth in these remarks, and they are as applicable to the act of 1836, as to the former redeeming act. This act of 1820, enabled the judgment creditors of the person whose lands had been sold on execution, to apply all the excess in value of the property, be-yond the amount bid on the sale, towards the payment of their debts ; thus not only doing justice to creditors, but relieving the debtor, in a manner never before provided by law. The policy of the law was benevolent and just, and introduced a most valu-able reform. But it was limited by its terms to the judgment creditors of the defendant in the execution.

But while the legislature manifested so just a regard for the interest of those creditors who had liens upon real estate by de-crees in chancery or judgments at law, they omitted to protect those whose liens existed in the shape of mortgages. Conse-quently they had but partially carried out the principle upon which they started, and embraced but a portion of the cases en-titled to equal protection in their remedial statute. There is no reason why one class of liens upon real estate, created to secure the payment of debts, should be entitled to this remedy any more than another. So the legislature thought in 1836, and passed the act now under consideration, to supply the omission

Hodge *v.* Gallup.

in respect to mortgagees. This act provided that a creditor by mortgage upon the premises sold on execution, should have the same right to redeem, as the former act had given to the judgment creditor. The question is, whether the mortgagee must hold a mortgage given by the judgment debtor, to entitle him to redeem? The mortgage held by Hodge in this case was not given by the judgment debtor, but by a purchaser of the premises from the judgment debtor. In my judgment, the true construction of the statute will authorize Hodge to redeem, although his mortgage was not given by the judgment debtor.

In the first place the language of the act not only warrants, but seems to require such an exposition. The terms, "a creditor by mortgage," taken in a general and usual sense, or in the connexion in which they stand, do not mean exclusively a creditor of the judgment debtor; nor do I find any thing in the act which would seem to require such a limited construction to be given to the terms. They properly include all mortgagees holding mortgages upon the premises sold on execution. In this case, when the mortgagor had given no accompanying bond there would seem to be a necessity for saying that Hodge was the very "creditor by mortgage," pointed out by the statute. For in respect to the mortgage debt, he was the creditor of no person, though he had so large a debt secured by the mortgage. The land alone was his debtor. Indeed the construction given by the supreme court, would cut off the mortgagee of a mortgage given upon the premises by the defendant in the execution, unless he also held the bond of the mortgagor. If the defendant in the execution in this case had given this mortgage, unaccompanied by a bond, the mortgagee could not in any proper sense be said to be his creditor; for he could have no claim upon him personally for the debt. And though holding a mortgage upon the premises sold, given by the judgment debtor, he could not, according to this view, claim the right to redeem. Surely that cannot be the true meaning of the statute. When it speaks of "a creditor by mortgage," I think it means nothing more than a mortgagee of the same premises. Strictly speaking, there is no creditor by mortgage. It is the bond or other written contract

for the payment of the debt, that makes the mortgagor a debtor, and the obligee or promisee his creditor; and the mortgage is but the creditor's security. But when there is no bond, or other personal contract, there is no person that can be called the debtor for the amount secured by the mortgage. In such a case, if the mortgagee can be called a creditor, it must be of the land only.

But it is supposed that because the statute says that the creditor by mortgage, "shall have the same right to acquire," &c. as one given to the judgment creditor by the former act, that he must also occupy the same relative position in regard to the debtor—that he must be his creditor, or hold a mortgage given by him. Those words "shall have the same right to acquire the interest," &c. appear to me to refer to certain portions of the former statute, which defined the term within which the creditor might redeem; the amount he should be obliged to pay; the order in which those holding different liens may acquire the title of the purchaser; and any other provision of the statute which may effect their rights; and were never intended to limit the remedial operation of the statute to mortgages given by the defendant in the execution. By the statute of 1836, it was intended to apply all the regulations relating to judgment creditors in the former act, to creditors by mortgage who might seek relief under this act; and that I understand to be the whole extent of the reference. Nor do I discover any necessity for the limited construction put upon the act of 1836, arising out of any other portions of it; or from any inconvenience in carrying out the provision as I have construed it.

Again, the policy of both these acts requires this construction. The object of these reforms—and they present instances of great amelioration in the law, relating to the interests of debtors and creditors—is confessedly to give facilities to creditors, to make real estate pay the greatest possible amount of the debts with which it is encumbered; and by the same operation, to give the greatest possible relief to debtors. But to say that no mortgagee shall be entitled to redeem land covered by his mortgage from a sale on execution, unless the mortgage is executed

by.the debtor in the execution, is, in my view, contravening this policy, and depriving the act of a portion of its remedial qualities. It would, in many cases, work great injustice, and cause that sacrifice of property which the statute was designed to defeat. In this case there was, at the time of the attempted redemption, more than eight thousand dollars due on this mortgage; and as there was no other security, this sum must be wholly lost, unless the assignee of the mortgage has the right to redeem. Nor, should this proposed relief be granted to the assignee of this mortgage, can it work the least injustice to any one. The original debt in judgment is paid by the money raised at the sale on the execution; the purchaser at that sale will receive on the redemption from the assignee of the mortgage, the money paid by him on that purchase with interest; and the remaining value of the land will be appropriated towards the payment of the money secured by the mortgage. Where can there be found an argument why this remaining value should not be made available to the assignee of the mortgage? I can find none; while every principle of justice requires that it should be so applied, if warranted by the statute. I conclude, therefore, that both the letter and policy of the statute authorized the assignee to redeem in this case.

It is further objected that if the assignor had a right to redeem, and had duly redeemed the premises, still that would not have shown an absolute title in him as against the plaintiff, but only an equitable right to a title. I do not so understand the rights of the parties. Hodge, the assignor, acquired by the redemption the right of the purchaser under the execution; that is, the plaintiff's right; and this put it out of the power of the sheriff to convey to the plaintiff any interest whatever in the premises. The deed given by the sheriff to the plaintiff is void; it was given without authority. The statute (2 *R. S.* 373, § 62,) directs the sheriff to execute a conveyance to the redeeming creditor; and Hodge acquired, under the statute respecting mortgages, the same right as a redeeming judgment creditor; he therefore became entitled to the deed. The deed given by the sheriff

to the plaintiff carried no title with it. And since he had no title, he could not recover possession. In my opinion the judgment should be reversed.

PUTNAM, Senator. I regret that we have not before us the reasons of the supreme court for its judgment; for I cannot see the slightest reason to doubt but the defendant was entitled to redeem not only according to the spirit, but within the letter of the statute. It is claimed, however, that the act of 1836 gives the right of redemption only to a mortgage creditor of the judgment debtor. But the act contains no such limitation. Such a construction is derived in no other way but by engrafting a qualification contained only in the revised statutes upon the language of the act of 1836. It is true that the revised statutes require the party redeeming to be a creditor " of the person against whom such execution issued," but I do not deem it necessary or proper to read the subsequent act as though these words were contained in it. The act of 1836, as to the person to whom the right of redemption is given, is in addition to, and independent of, the former enactment. It gives to a " creditor " by mortgage a right to redeem. There is no such qualification or limitation which requires the owner of the mortgage to be exclusively a creditor of the judgment debtor; and why should the term then be thus restricted in its operation? Such a construction would not be in harmony with the object of the legislature, or the spirit of the statute. The object was to relieve a judgment debtor and all others who might have liens upon his land. A more equitable and just provision for both debtor and creditor, was scarcely ever made. It should, if necessary, be liberally construed. But by even a strict construction, I am of the opinion that the defendant is protected.

Who is a creditor, but the party to whom a debt is due? A mortgagee is such a party, and the mortgage is a security for the debt. But it is said that by the terms of the statutes the mortgagee and the judgment debtor whose land is sold, cannot be the same person. I see no prohibition. If the legislature has provided that the debtor against whom the land is sold, may,

when possessing another legal character, or different relation to the land, effect a redemption, this court must give effect to the provision. If the judgment debtor happens to become a mortgage creditor, the statute gives him, as well as any other mortgage creditor, the right to redeem. The statute is silent as to the manner of becoming such creditor, requiring only that he should be such by means of a mortgage; and the only material question in a particular case, is whether the person offering to redeem is a mortgage creditor. The statute does not say that the mortgagee seeking to redeem, must be a creditor of the judgment debtor. It cannot be said that the legislature did not, by the act under consideration, intend to give the debtor any right of redemption under any circumstances. Certainly, the words of the statute do not exclude him, and, if I can understand plain language, it includes him. The other construction would involve this absurdity : within the year the debtor, it is conceded, may sell his farm for ready pay if he can find a purchaser, and then be able to redeem it from the sale on execution ; but the argument assumes that he cannot sell it on a credit, taking a mortgage for security, and then sell his mortgage, so as to enable the assignee to make a redemption. And where, I ask, is the difference to the purchaser on the execution, whether the debtor who has taken a mortgage on the sale of his farm, or a mortgagee from him, redeems? The debtor in such a case is as much a mortgage creditor as a party would be to whom such debtor had executed a mortgage, and who it is agreed would be within the act. He, in the case supposed would be a mortgage creditor, with reference to the land, which is all that the statute contemplated or required.

It is said that a man cannot be at the same time a debtor and a creditor in respect to the same debt. This assumes that the debt of a mortgagee seeking to redeem, must be due from the defendant in the judgment on which the land was sold—but the statute does not say from whom the mortgage debt must be due. If the party offering to redeem is a creditor, holding a mortgage on the land which has been sold on execution, the act is satisfied. The assignee of a mortgage occupies the position of the

mortgagee, and has his right to redeem; and if the mortgage be one given to the defendant in the judgment on which the land is sold, the mortgagee, provided it be a lien, is still as clearly within the act as a stranger to that judgment would be. Holding these views, I must of course vote for a reversal of the judgment.

SPENCER, Senator. The principal question in the case, arises upon the statute of 1836, authorizing "a creditor by mortgage on real estate to redeem lands sold on execution."

If William Hodge, jun. the assignee of the mortgage, had a right to redeem, having done so, the sheriff had no right to execute a deed to the purchaser under his sale. His deed was consequently void, and passed no title to the grantee; but he would still be bound to execute a deed to the redeeming creditor. As the plaintiff in ejectment must recover upon the strength of his own title, it makes no difference where the title is, so long as it is out of him. The defendant is always presumed to hold in subserviency to the true title. To entitle a creditor, by judgment or decree, to redeem, he must both be a creditor of the *person* against whom the execution issued, and his debt *must be a lien* upon the premises sold. (2 *R. S.* 371, § 51.)

By the act of 1836, (*Sess. Laws* 1836, *ch.* 525, *p.* 793,) "a creditor by mortgage on real estate," his assignee, &c. where the mortgaged premises, or any part thereof, have been sold on execution, shall have the same right to acquire the interest of the purchaser of such real estate so mortgaged and sold, as is given to a judgment creditor, by the above 51st section. What right is given to a judgment creditor? The right to redeem. His judgment must be of a certain description, one which is a *lien* upon the land, and also *against the person* against whom the execution issued, on which the sale was made. What creditor by mortgage may redeem? One by *mortgage on real estate, the whole or any part of which has been sold on execution.* Nothing is here said about the *person* against whom the execution issued, nor is it required that he should be

a *debtor* to the mortgage creditor. A creditor by mortgage an-swering the description of the statute of 1836, has the same right to redeem, as has a creditor by judgment answering the descrip-tion of the revised statutes.

The difference in the language of the two statutes is not with-out reason. No judgment or decree can exist without making the person against whom it is a debtor, and the person in whose favor it is his creditor. A mortgage is a specific lien upon the premises described in it, and may exist, as it did in this case, without creating a debt against any person whatever. It is then a debt *in rem*, and is in no respect a debt *in personam*. Of whom or what then is the holder of the mortgage a credi-tor? Certainly not of the mortgagor. He has no claim upon him for its payment, nor can he by foreclosure, either at law or in equity, compel the mortgagor to pay a farthing either of debt or costs. For the payment of both, he must look to the " real estate" alone. If the " creditor by mortgage on real estate," has any debtor, it must be the land which owes. It is that alone which is bound to pay the debt, and nothing else can be called upon or reached by the creditor. Having such mortgage, and thereby being " a creditor by mortgage on real estate, which has been sold on execution," if he cannot redeem, then as to him, though within the very words of the statute, it is a dead letter.

The statute does not in terms, nor as it seems to me, by any necessary implication, restrict the right to redeem to a creditor holding a mortgage executed by the person against whom the execution issued. Even this would not be sufficient, according to the construction contended for by the defendant in error, without superadding the personal liability of the mortgagor, so as to make the holder his "creditor." The statute is highly remedial, operating beneficially both to creditors and debtors, and does injustice to no one. It should, therefore, receive a lib-eral interpretation. Its forms must be strictly complied with, but its substance should be extended to all, who fairly come within its provisions.

But it is objected by the defendant in error, that the mortga-

gee was the judgment defendant himself, and had only the rights of a judgment debtor; and must therefore have redeemed within the year. And that an assignee can take no more rights than his assignor had. That Miller was the grantee of the judgment debtor, and could convey by mortgage only such rights as the judgment debtor had; and that he also must have redeemed within the year.

This objection is certainly worthy of consideration. It struck me with great force on the argument. It is certainly true that *William Hodge*, as "*the person* against whom the execution issued, and whose right and title were sold," must have redeemed within the year. (2 *R. S.* 370, §§ 45, 46.) It is equally true that Miller, *as grantee* of Hodge, must have redeemed within the same period; and such redemption would have rendered the sale null and void. (*Id.* §§ 44, 49.) But does it follow that neither can hold no other relation and bear no other character than those of judgment debtor and grantee? Neither the judgment of the Bank of Geneva, nor the sale under it, divested the title of Hodge. He was still the owner of the fee as much as before. He could grant it; or he could incumber it by judgment or mortgage the last hour of the fifteen months allowed for redemption, and such incumbrancer would clearly have a right to redeem. When Hodge granted the land to Miller, his right to take a mortgage to secure the purchase money was not impaired by the judgment, nor would it have been by a sale. It was therefore a valid "mortgage on real estate" in his hands. The existence of the mortgage in Hodge's hands did not deprive him or Miller of the right to redeem within the year as debtor and grantee. Hodge was both debtor and mortgagee; his right in one character was in no respect incompatible with his right in the other. He could assert either at his election. It is needless to remark that William Hodge, jun succeeded as assignee to all the rights of the mortgagee.

Upon the construction of the statute of 1836 here given, Miller might have given a second mortgage, the holder of which might have redeemed the redemption here made, pursuant to the last

Hodge v. Gallup.

clause of the first section of the act of 1836. If he had granted to another, that other might have mortgaged the lot conferring the same rights to the mortgagee; and so with every subsequent mortgagee. And can any one doubt that if the land was worth enough, that great good and no evil would have been done by twenty consecutive redemptions?

In my judgment the revised statutes would be greatly improved by an amendment which should allow "any creditor having a judgment or decree, which is a lien upon the premises sold, to redeem them," whether such judgment or decree was "against the person against whom the execution issued," or against any subsequent grantee. Such provision would keep the premises in market, invite bidding, prevent sacrifice, and pay a larger amount of debts than would otherwise be realized.

For these reasons I am of the opinion that Hodge had a right to redeem, and his redemption being in form perfect, rendered the deed to Gallup void. The judgment of the supreme court ought to be reversed, and a new trial ordered.

TALCOTT, Senator. The revised statutes giving a judgment creditor the right to redeem lands sold under a prior judgment, not only require the junior judgment, by virtue of which the redemption is to be made, to be a lien upon the premises, but the owner of such judgment must be "a *creditor* of the *person* against whom the execution issued" upon which the premises were sold. In *Ex parte Wood*, (4 *Hill*, 542,) the supreme court construed this statute according to its obvious intent, and held that in order to entitle the creditor to the benefit of it, the judgment, by virtue of which he claimed to redeem must be, first, against the defendant in the execution under which the sale took place; and second, a lien on the premises sold. The act of 1836, however, which extended the right of redemption to mortgage creditors, and under which the plaintiff in error sought to redeem, is drawn in different language from the statute above referred to, and should, I think, receive a different construction. This act declares that "a creditor by mortgage

on real estate, his assignee, &c. shall have the same right to ac-
quire the interest of the purchaser, &c. as is given to a judg-
ment creditor." There is here no provision as in the former
statute, by which a particular *person* is required to occupy the
position of a *debtor*, in order to entitle the mortgage creditor to
redeem; but, on the contrary, by the letter of the act, the right
to redeem seems to attach to any person holding a lien by mort-
gage upon the premises sold. In the case of a mere mortgage
containing no covenant to pay, and unaccompanied by a bond,
(and this is the character of the mortgage held by the plaintiff
in error,) there is no person who is personally liable for the pay-
ment of the mortgage debt, or who can properly be called the
mortgage debtor; and in such case, " a creditor by mortgage on
real estate" would be a creditor of the land only; for his claim
upon the land would be his only resource for the collection of
his debt. If it be said that in such a case the owner of the land
should be regarded as the " debtor," he being the only person
besides the holder of the mortgage who would be interested in
having the debt paid; it may be answered, that conceding this,
and giving to the act of 1836 the construction contended for by
the defendant in error, and put upon it by the supreme court,
the mortgage creditor might lose his right to redeem without
any fault or act of his own, and the law in question thus be
rendered a nullity : for if the mortgagor should sell the land af-
ter having executed the mortgage, and before a sale under the
prior judgment, the purchaser of the land charged with the
mortgage debt would become the debtor; and as execution, when
issued on the prior judgment, would of necessity go against the
judgment debtor, and not against the new owner of the land,
the holder of the mortgage would not be a " creditor of the per-
son against whom the execution issued," and could not, there
fore, redeem. The owner of the land, however, cannot properly
be called a debtor in the case supposed. The act of 1836 was
intended for the benefit of a different class of creditors from the
old statute.

In the case of a judgment, there must necessarily be a personal
liability on the part of the judgment debtor, while, with respect

Hodge *v.* Gallup.

to a mere mortgage, this is not the case; and hence the differ-ence in the language of the two statutes seems well suited to the different cases for which they were intended to provide. In the act of 1836, there is a clause referring to the previous statute in relation to judgment creditors, and in the opinion given in the supreme court, this appears to be regarded as somewhat impor-tant in construing the act in question. " A creditor by mortgage on real estate, &c. *shall have the same right, &c. as is given to a judgment creditor,*" is the language of the act of 1836; and it is certainly very plain from this language, that the reference to the old statute is made not for the purpose of determining the *character* of the mortgage creditor who shall be allowed to re-deem, but solely for determining the *time* for redeeming, and the *rights* to be acquired thereby. The *kind* of mortgage creditor to whom this right is awarded, is specified in the act itself.

All creditors "by mortgage on real estate," having thus a right to redeem within the letter of this act, irrespective of the ques-tion whether there be any mortgage debtor or not, or who he may be, if such debtor exist; it seems to me that the spirit and intention of the act as well as the rule of equity, are equally clear in favor of the plaintiff in error.

The object of these statutes is to prevent the sacrifice of prop-erty, and to afford an opportunity to the creditor to save a por-tion, or perhaps the whole of a claim, which would be otherwise insecure.

The question could scarcely arise, unless, in the estimation of both parties, the property had sold for less than its value; and then the question would be whether the difference between the value of the land and the price at which it sold should go to the creditor towards the payment of his debt, or to the purchaser, to swell the profits of his speculation. It is obviously as immate-rial, if we regard the spirit and intention of the law, as it has been shown to be with a view to its letter, whether the mort-gage be executed by the judgment debtor before he parts with the fee of the land, or by the purchaser afterwards. In either case the land constitutes the creditor's security for his mortgage

debt, and every legal intendment should be, as the plainest principles of justice are, in favor of rendering this security, as far as possible, available to him.

I can see nothing in the objection that the prior judgment debtor was also the mortgagee, and hence could not confer the right of redemption upon his assignee. When the judgment debtor sold the land, he parted with all of the rights incident to ownership, and by taking back a mortgage, he became, within the language of the act "a creditor by mortgage" on the land, and invested with all the rights of a creditor; and had he not assigned the mortgage, I can see no reason why he should not have been permitted to redeem as a creditor after the expiration of the year and within fifteen months from the sale. He was a creditor in fact, and in law; and I can see nothing in the circumstance of his being a debtor on the prior judgment, which should divest him of the rights which the statute confers upon him, as a subsequent mortgage creditor.

Had he retained the fee of the land he could not have redeemed after the expiration of the year, though he could have created a creditor, either by judgment or mortgage, who could have redeemed as such, after the year. His grantee acquired and exercised this power. If the plaintiff in error was entitled to redeem, his payment of the money to the sheriff for that purpose, at the proper time and in a proper manner, took from that officer the power of making a valid conveyance of the premises to the purchaser at the sale under the judgment. ( *Wisner* v. *Bulkley*, 15 *Wend*. 321; *Dickenson* v. *Gilliland*, 1 *Cowen*, 481; *Jackson* v. *Cadwell*, id. 622; *Jackson* v. *Anderson*, 4 *Wend*. 474.) The sheriff's deed to the defendant in error was therefore a nullity, and ejectment cannot be maintained on it. I think the judgment of the supreme court should be reversed.

On the question being put, "Shall this judgment be reversed?" the members of the court voted as follows:

*For reversal: Senators* EMMONS, HARD, JOHNSON, LESTER, PORTER, PUTNAM, SPENCER, TALCOTT and WHEELER—9.

*For affirmance:* THE PRESIDENT, THE CHANCELLOR, and *Senators* BARLOW, FOLSOM, HAND, LOTT, SANFORD, SCOVIL, J. B. SMITH and WILLIAMS—10.

Judgment affirmed.