## COURT OF APPEALS, SEPTEMBER TERM, 1847.

BRITTON & HADLEY, Plffs in Error, vs. FRINK, Sheriff, Deft in Error.

An excess of costs paid to an attorney on the settlement of a suit, *without taxation*, may be recovered back by action.

Payment of fees illegally demanded, is not a voluntary payment. (2 Barn. & Cress., 729; 2 Barn. & Ald., 562; 1 Chitty's R., 295; 4 Dowl. & Ryl., 283; 9 John., 370; Id., 201; 15 Wend., 321.) Thus, where an attorney brought a suit against a sheriff for not returning an execution which was in the hands of his deputy, and the deputy settled the amount of the debt, and paid the attorney his costs on the suit against the sheriff as made out, without taxation, and the *sheriff* subsequently brought an action and recovered judgment against the attorney for an excess of costs received; *held*, that the attorney was liable for such excess, although he offered to have the costs taxed, if the deputy requested it; they were received without taxation at his peril.

It appears from the case, that the suit was properly brought by the sheriff, although the deputy stated, when he paid the bill of costs, "that he should pay it himself, and bear the loss himself." It was a payment to and for the use of the sheriff, which discharged the suit against him, and was subsequently ratified by him in bringing the suit against against the attorney. The sheriff was the only person who could disavow the acts of his deputy.

*Calendar cause.*—This was a suit commenced in a justice's court by Frink, sheriff, against Britton & Hadley. Plaintiff declared for moneys had and received by the Defendants to the Plaintiff's use, and also for moneys overpaid on a bill of costs produced. Defendants pleaded the general issue and gave notice of set-off for goods sold and delivered, work, labor and services, and on the usual money counts.

It was admitted by the Defendants, that they were law partners, and in business as such, also that the signature of " A. K. Hadley" to a certain bill of costs produced in court was genuine, of which the following is a copy :

"SUPREME COURT.

Nathaniel Lee,
vs.
Isaac Frink, Sheriff, &c.

| | |
|---|---|
| Ret. fee, - - - - - | $2.00 |
| Dr. Narr, 1.67, 4 copies, 6.67, - - | 8.34 |
| Serving and notice and proof, - | 1.63 |
| Filing Narr, 25, Ps. 30, - - - | .55 |
| Costs, &c., - - - - - | .75 |
| | $13.27 |

Received Payment, Oct. 13, 1845,

A. K. HADLEY, *Plffs Atty.*"

The Defendants also admitted a copy declaration, produced and re-ferred to in the bill of costs, to be correct; (it being the usual declaration against a sheriff for not returning an execution, and damages laid at $200.)

Plaintiff introduced one *Jeremiah Green* as a witness, whose testimony was substantially as follows : That the Plaintiff was sheriff of Saratoga county, and that Rensselaer Carrier was one of his deputies. Witness and Carrier went to Defendants to settle the suit; Carrier inquired the amount of Defendants' costs, and said he would pay the amount of debt and costs, when ascertained. The parties agreed upon the amount of the debt, which was between $50 and $60. Carrier said he wanted a bill of particulars of the costs; Hadley then made them out as above stated. Plaintiff here rested. Defendants moved for a non-suit on the ground :

1st. That there was no evidence of the payment of money by the Plaintiff, or for his use. 2d. If any money was paid, it was paid volun-tarily. 3d. If it be pretended that the money was paid by mistake, it was a mistake of law and not of fact, and for which no action lies.

The motion for non-suit was denied, and the Defendants recalled on cross-examinntion, Green, who testified that Mr. Carrier said that he should pay it himself and bear the loss himself.

Defendants then called testimony and proved other items which were not charged in the bill, and for which they claimed were actually ren-dered before the suit was settled, to wit: *counsel perusing and signing special declaration,* also *brief,* also proof of *disbursements,* also serving *notice to plead.* Defendants produced the *draft* declaration which was like the copy, with the exception that "John G. Britton of Counsel" was signed to it; also produced a *brief* made by Defendants, which were proved by a clerk in the Defendants' office, but the witness did not know whether

the name of Britton as counsel was on the draft when he copied it or not, nor did he know that the brief was made before the suit was settled. He stated that in the office, they sometimes made a copy declaration to keep, and sometimes not. He did not know whether or not any proof of disbursements was ever made.

The Plaintiff admitted that the Defendants were attorneys and counsellors in the Supreme Court. The Justice rendered judgment for Plaintiff for damages $2.00, and costs $3.45.

The judgment was carried to the Rensselaer Common Pleas on certiorari, and reversed, on the ground "that the Defendants did not receive any money of the Plaintiff to his use, it was Carrier's money."

A Writ of Error was brought, and the judgment of reversal carried to the Supreme Court, where the judgment of the Common Pleas was reversed and that of the Justice affirmed; and the following was the opinion delivered:

"By the Court, JEWETT, Justice.—No issue had been joined or judgment by default entered in the suit of Lee vs. Frink before it was settled. The sum due the Plaintiff was less than one hundred dollars. The Defendants as attorneys and counsellors for Lee in that suit, demanded and received for their fees and disbursements $13.27, on its settlement. The extent of the Defendants' legal charges in that suit, was $10.85, composed of the following items.

| | |
|---|---:|
| Retaining fee as attorney, - - - - | $3.00 |
| Drawing declaration, - - - - - | 2.50 |
| Counsel perusing, &c., (it being special,) - | 2.00 |
| Four copies declaration at $1.25, - - - | 5.00 |
| Drawing bill of costs, - - - - - | .50 |
| | $13.00 |
| Deduct one-third, - - | 4.33 |
| | $8.67 |
| Serving narr, &c., as charged, - - - - | 1.63 |
| Filing narr, and postage as charged, - - - | .55 |
| | $10.85 |

(Laws of 1840, p. 327, § 2 ; p. 332, § 11 ; sub. 2 ; Laws of 1844, p. 402, § 1.)

The Defendants overcharged $2.42. The recovery before the Justice was within that sum, and was well founded upon the evidence in the

case; the judgment of the Common Pleas should be reversed, and that of the Justice affirmed."

A. K. HADLEY & N. HILL, JR., for the plaintiffs in error, insisted, 1st. That the action before the justice was improperly brought in the name of Isaac Frink, sheriff, &c. Carrier was one of his deputies, and paid the bill of costs. The money paid belonged to Carrier and was paid by him on his own account—not for the sheriff; and Carrier so declared when he paid the money. That Carrier, as between him and Frink, was bound to pay all damages and costs, for not returning the execution for which Frink, the sheriff, was sued. Frink never authorised the payment of the money, and had never refunded it to Carrier, nor was he liable to repay Carrier; and Carrier should have brought the suit. 2d. From the evidence, no action could be maintained against the Plaintiffs in error, for the excess of costs alleged to have been received. It had been decided by the Supreme Court, that if the bill of costs had been taxed by a proper officer, as made out and paid by Carrier, no action would lie for the excess; (2 Denio, 26.) No fees were charged and paid for expense of taxation. Hadley offered to have the costs taxed, which was waived by Carrier. The waiver of taxation and payment ought to have the same effect as if the costs had been taxed. The payment of the bill of costs was therefore to be considered a voluntary payment on the part of Carrier, with a full knowledge of his right to have it taxed. The mistake, if any, was one of law, not of fact. (9 Cow. 674; 1 Wend. 665.) 3d. The attorneys received no more costs than what they were lawfully entitled to; there was no doubt a mistake in carrying out the charges for copies declaration, but in addition to the items charged, they were entitled to "counsel perusing and amending narr, $2;" "notice to plead, 25 cts.;" "copy costs for Defendant 25 cts., service, 50 cts.—75;" attending to fix amount equivalent to attending taxation, 25 cts.;" "total, $3.25."

E. F. BULLARD, for the Defendant in error, insisted: 1st. That the action was properly brought in the name of Frink, sheriff, the principal. Although the money was paid by Carrier, the agent, it was paid directly to and for the use of Frink, and did in fact settle the suit and discharge him from liability. Frink, the principal, was equally bound by the acts of his agent by a subsequent ratification. No prior request to pay was necessary. (8 Cow. 60; 12 Mass. 60; 7 Am. Com. Law, 453; 9 Peters, 629; 4 Wend. 465; 10 id. 218.) The bringing of this suit by Frink was a ratification of the payment by Carrier, the agent. Either principal or agent might sue; (Cowp. 805; Cow. Tr. 80.) The principal was the only person who could disavow the acts of his agent.

14

The Plaintiffs in error having acknowledged Carrier's agency, by receiving the money as a payment to the use of Frink, were estopped from denying it. 2d. As there was no taxation, the Plaintiffs in error took the costs at their peril. The payment was not voluntary, as it was demanded by Plaintiffs' attorney, and received, and was necessarily paid to stop suit and prevent a further increase of costs. Payment of fees illegally demanded is not voluntary payment; (2 Barn. & Cress. 729; 2 Barn. & Ald. 562; 1 Chitty R. 295; 4 Dowl. & Ryl. 283; 9 John. R. 370, id. 201; 15 Wend. 321.) 3d. The plaintiffs in error received more fees than they were entitled to. (*See cases cited in opinion of Supreme Court.*)

Two or three days after the argument of the cause, the court announced their decision, that the judgment of the Supreme Court was *affirmed.* There was no opinion delivered. The opinion of the Supreme Court in the case, is therefore referred to as the opinion of this court.