(20 Misc. Rep. 333.)

## HESS v. COHEN.

(Supreme Court, Appellate Term. May 28, 1897.)

VOLUNTARY PAYMENT—COERCION BY FINANCIAL EMBARRASSMENT.

Defendant was foreclosing a mortgage on plaintiff's premises, and plaintiff had arranged for a loan from a third person to pay the mortgage debt, an assignment of the mortgage to be taken as security for the loan. Defendant agreed to assign the mortgage, and the parties met to carry out the arrangement. Defendant's attorney then demanded, in addition to the mortgage debt, that plaintiff pay $20, alleged to have been loaned to her by defendant, and the assignment was refused unless such sum was paid. Thereupon plaintiff paid it, under protest. *Held*, that such payment was voluntary.

Appeal from Eleventh district court.

Action by Gertrude Hess against Nettie Cohen. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Ezekiel Fixman, for appellant.

M. G. Holstein and Charles A. Hess, for respondent.

DALY, P. J. The plaintiff seeks in this action to recover back the sum of $20, exacted by the defendant's attorney under the following circumstances: As appears from the record and the plaintiff's brief, the defendant was foreclosing a mortgage upon plaintiff's premises, and plaintiff had arranged for a loan from a third party, who agreed to take, as security, an assignment of the defendant's mortgage. Defendant agreed to make the assignment, and a meeting was arranged to carry out the transaction. Defendant was represented at the meeting by her attorney, who demanded, in addition to her principal, interest, and costs, the sum of $20, for a certain policy of title insurance on the premises, which had previously been lent to plaintiff by defendant's husband. Assignment of the mortgage was refused unless this sum was paid. Plaintiff then paid it, under protest, and now seeks to recover it back, on the ground that such payment was compulsory.

The payment was not compulsory, because there was no duress of plaintiff's person or property, and there was no fraud on defendant's part. Flower v. Lance, 59 N. Y. 603–610. The delay, inconvenience, and expense to which plaintiff might have been subjected by resisting the demand does not amount to legal compulsion. "The fact that business necessities compel the payment of money will not alter the voluntary character of the payment." 6 Am. & Eng. Enc. Law, 71, and cases cited. Where a debtor refused to pay in part a debt due unless his creditor gave a receipt in full, and his exaction was complied with, it was held that there was no duress, as he had done nothing to create the financial embarrassment which compelled submission to the extortion. Id. 72; Hackley v. Headley, 45 Mich. 569, 8 N. W. 511. Where an ice company, which was under contract to supply ice to a brewer, took advantage of a subsequent failure of the ice crop, and subsequent short supply, to refuse to furnish ice under the contract, and the brewer, who had on hand a

considerable quantity of beer that would be spoiled without ice, under stress of the circumstances, made a new contract, at a higher price, it was held that such new contract was not obtained by duress. Goebel v. Linn, 47 Mich. 489, 11 N. W. 284. In these cases, as in the case before us, the party acted with full knowledge of all the facts, and with the option either to refuse to yield to the exaction, and rest upon his legal remedies, or to submit for the sake of present advantage. The payment was therefore as voluntary as any agreement for a price for what is desired or must be had. The necessities of one of the parties to a contract do not make the contract invalid. If so, a contract which would be valid if made with a man easy in his circumstances becomes invalid when the contracting party is pressed with the necessity of immediately meeting his bank payment. But this would be a most dangerous, as well as most unequal, doctrine; and, if accepted, no one could well know when he would be safe in dealing on the ordinary terms of negotiation with a party that professes to be in great need. Hackley v. Headley, above. Nor can the recovery be had on the ground that it was the exaction of unlawful costs by the attorney; i. e. an officer of the court or public officer. The action is not against the attorney, as in the case cited by appellant (Britton v. Frink, 3 How. Prac. 102), and the demand was not of costs.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.