(26 Misc. Rep. 46.)

## MATTHEWS v. WILLIAM FRANK BREWING CO.

(Supreme Court, Trial Term, New York County.    January 17, 1899.)

1. WAR REVENUE ACT—TAX ON BEER—CONTRACTS.

The tax imposed by the war revenue act on all beer brewed and sold is payable by the brewer, and therefore the refusal of the customer to pay a part of it does not justify the brewer in refusing to comply with a contract entered into before the act was passed, whereby it agreed to furnish beer at a specified price.

2. PAYMENT—DURESS—WHAT CONSTITUTES—ASSUMPSIT.

Where a retailer pays an illegal demand of the wholesaler, knowing it to be such, the fact that he does so under protest, and because of his business necessities, and for fear of other wholesalers, does not constitute duress authorizing him to recover back the payment.

Action by Martin Matthews against the William Frank Brewing Company to recover back money obtained under alleged duress.    Complaint dismissed.

William H. Mundy, for plaintiff.
Venino & Sickel, for defendant.

McADAM, J.    Taking the most favorable view of the plaintiff's case, and assuming for present purposes that the understanding had December 16, 1897, amounted to a contract by the defendant to supply the plaintiff all the beer required in his saloon business, for one year thereafter, at eight dollars a barrel, we will next inquire what legal results follow.    In June, 1898, the war revenue act became a law, and by it a tax of two dollars a barrel was imposed on all beer, etc., brewed and sold; whereupon the defendant, a brewing corporation, refused to deliver any more beer under the contract, unless the plaintiff paid one dollar a barrel of the war tax in addition to the contract price.    The plaintiff, fearing that if he declined to comply with this demand there might be difficulty getting beer from other brewers, paid the defendant the war tax exacted until the payments therefor amounted to $335.50, saying at the time of each payment that it was "under protest."    The present action is to recover back this sum, on the theory that it was wrongfully exacted.    The war tax was imposed upon the brewer, and he was obliged to pay it to the government, and neither the tax nor the payment of it by the defendant furnished the brewing company the slightest excuse for not performing its contract with the plaintiff.    If a party contracts to convey realty, and before the time appointed for delivering the deed a stamp act becomes operative, the vendor is certainly obliged to affix the revenue stamps required to make the transfer effectual.    The brewing company in this case is charged with substantially the same obligation as the vendor in that one.    The plaintiff had the right to insist upon the performance of the contract, and, if the defendant refused to perform, the plaintiff's remedy was an action at law to recover damages for the breach.    But the plaintiff did not adopt this course, but, with knowledge of the facts as well as the law, acquiesced in the defendant's demand made as of right, by paying the war tax demanded.    True, the plaintiff said he made the payments under protest, but this did not make them compulsory, and they cannot

now be recovered back. "To warrant such recovery, there must be compulsion, actual, present, potential. * * * In the absence of such compulsion, a mere protest is not sufficient." 18 Am. & Eng. Enc. Law, 214. The business necessities of the plaintiff do not alter the voluntary character of the payment. 6 Am. & Eng. Enc. Law, 71. Nor does fear of the other brewers affect it. Quincey v. White, 63 N. Y. 370. Where a party voluntarily pays an illegal claim, there being no duress of person or of goods, or fraud on the part of the claimant, the fact that he made the payment under protest does not preserve to him the right of subsequently contesting the validity of the claim, but he is concluded by the payment. Flower v. Lance, 59 N. Y. 603; Quincey v. White, supra; Cox v. Mayor, etc., 103 N. Y. 519, 9 N. E. 48; Phelps v. Mayor, etc., 112 N. Y. 216, 19 N. E. 408; Starr v. Starr, 54 Hun, at page 304, 7 N. Y. Supp. 580, affirmed 132 N. Y. 154, 30 N. E. 384; Emmons v. Scudder, 115 Mass. 367; Regan v. Baldwin, 126 Mass. 485. In Railroad Co. v. Commissioners, 98 U. S. 541, which was a suit to recover back taxes which the company had paid, the court declared it to be a settled rule of law that "where a party pays an illegal demand with full knowledge of all the facts which render such a demand illegal, without immediate or urgent necessity therefor, or to prevent an immediate seizure of his person or his property, such payment must be deemed voluntary, and cannot be recovered back, and the fact that the party files a written protest does not make the payment involuntary." See, also, Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408; Tripler v. City of New York, 125 N. Y. 617, 26 N. E. 721; Wood v. City of New York, 25 App. Div. 577, 49 N. Y. Supp. 622; Dill. Mun. Corp. (2d Ed.) § 751. There is no magical force in the term "under protest." It does not establish compulsion, and implies nothing more than that the act done is contrary to the desire of the party making the protest. Under the pleadings and the proofs, the payment was not compulsory in any such sense as to give rise to a cause of action to recover the money back as if it had been received to and for the plaintiff's use. It follows that the complaint must be dismissed.