SCHEER-GINSBERG REALTY & CONSTRUCTION CO. v. DEVIN.

(Supreme Court, Appellate Term. March 21, 1912.)

PAYMENT (§ 82*)—VOLUNTARY PAYMENT—RECOVERY.

    A mortgagee, entitled to 20 days notice of payment of the mortgage and to interest during the 20 days, told the mortgagor that he would accept the money on any day the mortgagor might obtain funds from negotiations for another mortgage. On the day of the closing of the new mortgage 14 days thereafter, the mortgagee was represented by an attorney, who insisted on receiving interest for 20 days before he would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deliver a satisfaction. *Held*, that a payment by the mortgagor of such interest was voluntary, and not recoverable.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 254–266; Dec. Dig. § 82.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Scheer-Ginsberg Realty & Construction Company against Susan Devin. From a judgment of the Municipal Court for plaintiff, rendered after a trial without a jury, defendant appeals. Reversed, and new trial granted.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Daniel Daly, for appellant.

Louis A. Jaffer, for respondent.

BIJUR, J. This action was brought by plaintiff to recover from defendant, as for money had and received, a certain amount paid for interest on a mortgage held by defendant, from March 15, 1911, the date of payment, to March 29th. So far as is pertinent, the testimony shows that defendant, who was entitled by the terms of an agreement to 20 days notice of payment of the mortgage and to interest during the 20 days, told plaintiff that she would accept the money on any day when plaintiff might be in funds from the negotiation of another mortgage obtained to cover the amount represented by defendant's mortgage. On the day of the closing of the new mortgage, defendant was represented by an attorney, who insisted on receiving the entire interest for the 20 days before he would deliver the satisfaction piece, etc. He gave a receipt, which recited that the plaintiff—

"claims that on said interest there has been overpaid the sum of $136.08; * * * the said plaintiff claiming that the said defendant agreed with said plaintiff that interest only be paid on said mortgage to date of payment. The said alleged excess sum of $136.08 is therefore paid pending settlement of said question with said defendant; she not being personally present."

In this situation, the most that can be claimed by plaintiff is that the money was paid substantially under protest. There was, however, no fraud, mistake, or legal duress. It was, therefore, in the eye of the law, a payment voluntarily made. The transaction in the case at bar is on all fours with the one involved in Hess v. Cohen, 20 Misc. Rep. 333, 45 N. Y. Supp. 934, except that in the latter case the mortgagee had agreed, on payment of the mortgage, to assign the same to some one in the mortgagor's interest, and had then refused to execute the assignment without the payment of an unwarranted charge of $20. Such payment was held to have been made voluntarily, and therefore not to be recoverable. To the same effect is Matthews v. William Frank's Brewing Co., 26 Misc. Rep. 46, 55 N. Y. Supp. 241.

The Hess Case distinguishes Britton v. Frink, 3 How. Prac. 102, as one where, in case of a payment of excessive costs exacted by an attorney, a recovery back was permitted because of his peculiar position as an officer of the court in respect of a matter covered by statute pe-

culiarly within his knowledge. The same consideration affected the determination in Moulton v. Bennett, 18 Wend. 586.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.