(80 Misc. Rep. 215.)

ONE HUNDRED AND THIRTY-FOURTH STREET CO. v. WELLS et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. COSTS (§ 272*)—ON SETTLEMENT OF ACTION—EXCESSIVE COSTS—RECOVERY BACK.

Where a defendant to a foreclosure or other suit, without offering full satisfaction, desires a discontinuance of the action, any costs exacted from him as a consent to such discontinuance cannot be recovered back; but where he pays the full amount due, with interest, if plaintiff's at-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

torneys exact more costs than those legally taxable, the excess paid may be recovered back.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1033–1036; Dec. Dig. § 272.*]

2. Costs (§ 282*)—Personal Liability of Attorney.
Where plaintiff's attorneys, in a foreclosure suit, exacted from a defendant, who paid the full amount due on the mortgage, costs in excess of those legally taxable, a suit to recover the excessive costs was properly brought against the attorneys.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 4, 1077–1081; Dec. Dig. § 282.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

, Action by the One Hundred and Thirty-Fourth Street Company against Oliver J. Wells and another. From a judgment sustaining a demurrer to the complaint for insufficiency, plaintiff appeals. Reversed, and demurrer overruled.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Joseph Rosenzweig, of New York City, for appellant.
Wells &.Snedeker, of New York City, for respondents.

GERARD, J. The written complaint in this action sets forth that the Rutherford Realty Company became the owner of a bond and mortgage covering premises in the city of New York; that thereafter the defendants herein, acting as attorneys for the Rutherford Realty Company, instituted an action to foreclose said mortgage, making the plaintiff in this action one of the defendants in that foreclosure action. The complaint further sets forth that the plaintiff notified the defendants that it would pay off the said mortgages, and that it wished to obtain a satisfaction piece and the discontinuance of the foreclosure suit; that defendants appeared with said satisfaction piece and discontinuance at the closing of a new loan, from the proceeds of which loan said Rutherford Realty Company was to be paid the amount of its claim, and that at said time of closing the defendants herein, acting as attorneys for the Rutherford Realty Company, arbitrarily, unlawfully, and illegally refused to deliver up the consent to discontinue without first receiving from the plaintiff the sum of $336.05 as costs, and that therefore, under protest and duress, plaintiff paid this sum to defendants, and plaintiff alleges that this sum of $336.05 was illegal, exorbitant, excessive, and extortionate, and that the utmost amount of costs which defendants were entitled to receive was less than the sum of $100; that plaintiff has duly demanded the return of the excess costs, and that the demand has been refused.

[1] It seems to me that the distinction in cases of this kind is that if a debtor who has been sued wishes to pay off the full amount which he owes, with interest, the attorneys for the creditor have no right to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exact from him more than the costs which they are legally entitled to receive, and that, if they do receive such excess costs, such excess paid to them may be recovered back; but if a foreclosure suit, for instance, had been commenced, or any action is commenced, and the defendant, without offering full satisfaction, desires the discontinuance of the action, then any amount exacted from him as a consent to such discontinuance cannot be recovered back from him.   In the case at bar the complaint sufficiently shows that the plaintiff here, one of the defendants in the foreclosure action, was desirous of paying up in full the amount which it owed to the Rutherford Realty Company, the mortgagee, and the defendants, the attorneys for the Rutherford Realty Company, had therefore no right to exact from this plaintiff more than the costs to which they were legally entitled.

[2] The defendants cite cases to the effect that costs are awarded to a party to the action, and that this action is improperly brought against them as attorneys, and should be brought against their client; but their client is entitled only to legal costs, and, if sued, could very well say that it had never received the costs from the attorneys, who had illegally exacted them.   These costs were exacted by the attorneys, the defendants here, and plaintiff is not bound to look any further for a return of the costs illegally exacted from it.   In Moulton v. Bennett, 18 Wend. 586, the court said:

"An attorney who has set up a claim to and received a bill of costs, under a belief that he is legally entitled to it, when he is not, is certainly not obnoxious to censure.  He may justly expect the indulgence due to honest error; but if the claim should be put forth with full knowledge of its illegality, and his professional office and the forms of law used for the purpose of extorting the payment, there cannot be a doubt the act would involve a prostitution of his professional character, a violation of official duty and of his oath of office that would demand the most summary interposition by the court. He would be underserving the privileges or character of the profession, or to have his name continued upon the roll of attorneys."

The court says that, conceding the attorney to have been honestly mistaken as to the amount of the fees exacted by him:

"This, however, by no means determines his title to them.  It exempts him from blame.  He still has money in his hands, the property of another.  He has claimed and received it for professional services of a party who owed him nothing for those services and to whom he had no right to charge them. So far as respects the duty or obligation to refund, it seems to me to be as strong and binding as if the costs had been dishonestly exacted.  As an abstract question of property there is no difference."

See, also, Clinton v. Strong, 9 Johns. 370; American Exchange Fire Ins. Co. v. Britton, 20 N. Y. Super. Ct. 148.

In Britton & Hadley v. Frink, 3 How. Prac. 102, affirmed in Court of Appeals, the agent of the defendant called on plaintiff's attorney and offered to pay the amount of the debt sued on and costs.   The amount of the debt was agreed on, and the attorney made out a bill of costs, which defendant paid through his agent.   This bill of costs contained items to which the attorney was not legally entitled.   It was held that this overpayment might be recovered back in an action against the attorneys.

In Town of Bleecker v. Balje, 138 App. Div. at page 708, 123 N. Y. Supp. at page 812, it is said:

"It is a general rule that an action in such form [money had and received] may be maintained to recover money which has been paid to public officers, where they have wrongfully and illegally exacted greater costs or fees than is allowed by law; for example, against a sheriff or a justice of the peace or revenue officer, and also against an attorney. who on settlement with a defendant exacts greater taxable costs than the law allows"—citing Moulton v. Bennett, supra, and Britton & Hadley v. Frink, supra.

If the defendants here, on the full settlement of the claim held by their clients against the plaintiff, exacted, as a condition to giving the discontinuance and satisfaction piece, costs greater than the costs that they were legally entitled to, they have acted improperly as attorneys and should be compelled to repay the excess.

The judgment should be reversed, with costs, and the demurrer overruled, with $10 costs, with leave to defendants to withdraw the demurrer and answer within six days after service of a copy of the order entered herewith, with notice of entry thereof and payment of costs in this court and in the court below. All concur.